O’Neall J.
delivered the opinion of the Court.
In this case, the Court concur in opinion with the presiding Judge. In Mounce v. Ingraham, 1 Brev. Dig. 199, note, the Court denied the authority of the Court of law to examine the question of fraud in obtaining a grant. This case is noticed as reported in 2 Bay, 454, in the case of De Graffenreid v. Gregory. Harp. 443, and the principle admitted that “ the Court will not question the validity of a grant which appears regular and legal on its face.”
The cases relied upon to establish a different conclusion, are susceptible of an easy answer. They proceed upon the ground, either that the grantee was legally incapable of taking from the State, or that the grant was by act of the general assembly declared void.
Meek v. Richborougb, 1 Mill. 411, is the first case. In it, the grantee at the time his grants issued, and at the trial, was an a^el1 not residing in Carolina. No evidence was given that he ’ had under the proviso to the act of 1807, given notice of his *27 intention to become a citizen of the United States. The grantee was incompetent to acquire an estate in lands by grant. His grants were therefore adjudged to be void at common law. And I think I may very well add, that the grant issued in 1791, was also void under the land law of this State, for it will be seen that by the act of 1791, the Governor is authorized to grant vacant lands to any citizen of this State. A grant to an alien, was not a grant under the act, and therefore void. 1 Faust, 61.
The next and last case is De Graffenreid v. Gregory, Harp. 443. This was a contest between two grants as to priority. The defendant’s grant issued upon the oldest survey; but within the six months allowed by the act to him to carry his survey into a grant. The plaintiff on a junior survey, obtained a grant to be issued to him, which «was older than that to the plaintiff. The act of 1785, P. L. 400, declares a grant obtained on a junior survey, void. The Court in conformity to the act, held, that the plaintiff’s grant was void. This, although regarded by the Court as an exception to the rule laid down in Mounce v. Ingraham, and recognized in this case, was in point of fact perfectly reconeileable with it. Two grants are presented to the Court; “ if regular and legal on their face,” neither is to be questioned as to its validity. From the face of Gregory’s grant it appeared that it had issued within six months from his survey: but from De Graffenreid’s grant, it appeared to have been obtained within the six months allowed to Gregory to obtain his grant: it was therefore illegal on its face, and according to Mounce v. Ingraham, might be declared void.-
The branch of jurisdiction now claimed for the Court i of law belongs to the Court of Equity. Before a grant issues, upon a caveat filed to prevent its issue, the Court of law is by act authorized to try it, and sitting in that capacity, every thing which could go to defeat the survey, would be proper to be heard. But to permit a collateral issue of this kind to be made up in a Couit of law, would not only give it a jurisdiction which it has not, but also be subversive of all the ends of justice. A party relying on a grant from the State, upon adducing it on the trial is told it is trae you have a grant, but it is fraudulent.” How is he to meet this allegation 1 He cannot meet his adversary by proof, for he may not be informed 'of it until the defendant is in his defence, or the plaintiff is replying, as the case may be. By *28 surprise, a man might be ousted of a good legal title. But let it be supposed that the course is pursued which was attempted in this case. The defendant locates a grant older than the plaintiffs, the plaintiff applies to have another survey to locate other grants, so as to establish the alleged fraud. Delay is the first °f this course, and an accumulation of testimony as to every allegation of fraud, is the second. A third, and still stranger resuit may follow. A purchaser buying an apparently good and legal title to lands, may find to his astonishment and ruin, that his grant some twenty years before was fraudulently obtained. These consequences would make us pause long before we admitted such a proceeding, if it was even allowable to us to debate the policy of allowing it.
But even in equity the present parties could not be allowed to, vacate the grant. If there was a fraud in obtaining it, they were not injured by it: they then had no rights to be affected. Persons who then owned land within the grant, might, on a proper case, have succeeded in having it declared void. The State, too, it is possible, might, in some way, have reached the fraud, and obtained the same result.
This Court is also satisfied that the order was interlocutory, and not the subject of appeal; but as the case was heard on its merits, it was thought proper to give such an opinion as would prevent the same points from being again agitated.
Motion refused.